MEMORANDUM **

Carmen Long petitions for review of the BIA's determination that she is ineligible for relief from removal. We have jurisdiction to consider questions of law raised in the petition of an alien who is removable because of a conviction for a crime involving moral turpitude. 8 U.S.C. § 1252(a)(2)(D); *Garcia–Jimenez v. Gonzales*, 488 F.3d 1082, 1085 (9th Cir.2007).

Long is a seventy-two year old citizen of the Philippines. She has been a lawful permanent resident of the United States since 1964. Long was convicted of a crime involving moral turpitude more than thirty years ago. Immigration and Customs Enforcement (ICE) served Long with a notice to appear when she returned from a brief trip abroad. ICE alleged that Long was inadmissible as an alien convicted of a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Long argued that she was returning from an "innocent, casual and brief" trip abroad, which was not meant to be meaningfully interruptive of her lawful permanent resident status. *See Rosenberg v. Fleuti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) abrogated the *Fleuti* doctrine. *See* 8 U.S.C. § 1101(a)(13)(C)(v) (lawful permanent residents who have committed a crime involving moral turpitude must seek admission to the United States upon return from travel abroad); *Vartelas v. Holder*, 566 U.S. ——, 132 S.Ct. 1479, 1483–84, 182 L.Ed.2d 473 (2012).

In *Vartelas v. Holder*, the Supreme Court held that 8 U.S.C. § 1101(a)(13)(C)(v) does not apply to an alien's pre-IIRIRA conviction. *Vartelas*, 132 S.Ct. at 1483–84. The Court's opinion applies to pre-IIRIRA convictions, regardless of whether the alien was convicted after entry of a guilty plea or after a jury trial. *See Vartelas*, 132 S.Ct. at 1491–92 (rejecting the Second Circuit's conclusion that evidence of reliance is essential to application of the antiretroactivity principle); *see also id.* at 1483–84, 1487–88, 1488–90. It appears that Ms. Long is eligible for relief under *Vartelas*. Nonetheless, we remand to the BIA to address this legal issue in the first instance. *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir.2010).

**PETITION FOR REVIEW GRANTED; REMANDED.**

**Peggy O'Neal GONZALES; Trayvon Guy; Daniel P. Bell; Shanita Lashaun Allen Bell; Latoya Timmons; Crystal McGee; Cesar Sis, Plaintiffs–Appellants,**

v.

**CITY OF INGLEWOOD; Ronald C. Banks; Detective Brian Bruce; Detective Javier Alcala; Sergeant Hector Ramirez; Detective Joseph Cupo; Detective Chris Wunno; Detective Jose Gonzales; Los Angeles County Proba-**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion Department; Debbie A. Nelson; Officer Joe Velasquez; Special Agent Ronald Reed; Sue Dutcher, Defendants–Appellees.

Peggy O'Neal Gonzales; Trayvon Guy; Daniel P. Bell; Shanita Lashaun Allen Bell; Latoya Timmons; Crystal McGee; Cesar Sis, Plaintiffs–Appellants,

v.

City of Inglewood; Ronald C. Banks; Detective Brian Bruce; Detective Javier Alcala; Sergeant Hector Ramirez; Detective Joseph Cupo; Detective Chris Wunno; Detective Jose Gonzales; Los Angeles County Probation Department; Debbie A. Nelson; Officer Joe Velasquez; Special Agent Ronald Reed; Sue Dutcher, Defendants–Appellees.

No. 08–57039, 09–55785.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2012.*

Filed April 16, 2012.

Eric C. Jacobson, Feric C. Jacobson Law Offices, Los Angeles, CA, for Plaintiffs–Appellants.

George L. Mallory, Jr., Esquire, George L. Mallory, Jr. & Associates, Jonathan McCaverty, Office of the County Counsel, John E. Nordin, II, Assistant U.S., Tim Laske, Esquire, Assistant U.S., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.**

MEMORANDUM ***

We affirm for the reasons stated by the district court in its well-reasoned orders.

AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Salvador SANCHEZ, Jr., Defendant–Appellant.

No. 10–50570.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2012.*

Filed April 18, 2012.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).